IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |
|---|---|
| STEVEN ROBERT BROWN, et al.,<br><br>        Plaintiffs-Appellees,<br><br>   v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES, et al.,<br><br>        Defendants-Appellants. | No. 23-2275 |

## MOTION TO CONSOLIDATE FOR PURPOSES OF ORAL ARGUMENT

Defendants-Appellants Bureau of Alcohol, Tobacco, Firearms and Explosives et al. respectfully move to consolidate this case with *McCoy v. ATF*, No. 23-2085 for purposes of oral argument. The government will file a similar motion in *McCoy*.

1. These cases involve Second Amendment challenges to a longstanding federal law that prohibits federal firearms licensees from selling handguns to 18-to-20-year-olds. In *McCoy*, the district court held the federal law unconstitutional, certified a nationwide class of 18-to-20-year-olds, and entered declaratory and injunctive relief. In *Brown*, the district court held the federal law unconstitutional and

entered declaratory and injunctive relief.  At the government's request, both courts stayed all relief pending appeal.

2. Consolidation for purposes of oral argument will conserve the Court's and the parties' resources and ensure consistent judgments in the two cases.  As explained above, both cases involve Second Amendment challenges to the same federal law, and both cases therefore turn on similar arguments and authorities.  Indeed, the district court in *Brown* relied heavily on the *McCoy* court's decision.  *See Brown v. ATF*, No. 1:22-cv-80, 2023 WL 8361745, at *9, 13-14 (N.D. W.Va. Dec. 1, 2023).  Given this overlap, no purpose would be served by assigning the cases to separate panels for purposes of oral argument or decision.

3. The cases should not, however, be consolidated for purposes of briefing.  Although the cases involve parallel merits issues, they also raise distinct remedial questions concerning the propriety of class certification in *McCoy* and the availability of equitable relief in *Brown*.  In addition, the plaintiffs in each case are represented by different counsel.  Under those circumstances, it is appropriate to consolidate the cases for purposes of argument but not briefing.

2

4. Adam Kraut, counsel for the plaintiffs in *Brown*, has indicated that the *Brown* plaintiffs do not oppose the relief requested in this motion but reserve their right to argue at a consolidated argument. Elliott Harding, counsel for the plaintiffs in *McCoy*, has indicated that the *McCoy* plaintiffs oppose the relief requested in this motion.

Respectfully submitted,

MARK B. STERN

s/ Steven H. Hazel
STEVEN H. HAZEL
  (202) 514-2498
Attorneys
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7217
Washington, D.C. 20530

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Steven H. Hazel
Steven H. Hazel

4

## CERTIFICATE OF COMPLIANCE

I certify that this motion to consolidate, filed on December 13, 2023, complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d), because it contains 332 words according to the count of Microsoft Word and is printed in Century Schoolbook 14-point font.

 s/ Steven H. Hazel
STEVEN H. HAZEL