# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David H. Thompson  　　1523 New Hampshire Avenue, N.W.　　(202) 220-9600
dthompson@cooperkirk.com　　Washington, D.C. 20036　　Fax (202) 220-9601

January 27, 2025

**VIA CM/ECF**

Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

　　RE: *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 23-2275

Dear Ms. Anowi,

　　I write to notify the Court of the Third Circuit's recent decision in *Lara v. Comm'r Pa. State Police*, No. 21-1832 (3d Cir. Jan. 13, 2025). In 2024, the Third Circuit invalidated Pennsylvania restrictions that ban 18-to-20-year-olds from carrying firearms during a state of emergency. Following *United States v. Rahimi*, 602 U.S. 680 (2024), the Supreme Court vacated that judgment and remanded the case for reconsideration. The Third Circuit has now concluded that nothing in *Rahimi* altered its earlier analysis. *Lara* strongly supports Plaintiffs here.

　　First, *Lara* explains that because *Rahimi* "preserved" the textual part "of the *Bruen* analytical approach" unchanged, its pre-*Rahimi* textual "analysis remains the same." Slip Op. at 14. And under that analysis, 18-to-20-year-olds fall within the Second Amendment's text: they are "part of [the] national community," and reliance on the general age of majority at the Founding "conflates Bruen's two distinct analytical steps" and is inconsistent with the settled understanding that 18-to-20-year-olds enjoy all other constitutional rights of "the people." *Id.* at 14, 17, 19 (cleaned up). The Government's identical argument in this case fails for identical reasons, *see, e.g.*, Gov't Br. at 11, Doc. 19 (Jan. 22, 2024).

　　Second, the *Lara* court also concluded that "*Rahimi* sustains our prior [historical] analysis." Slip Op. at 5. The court concluded that "[n]othing in *Rahimi* undermines" its previous decision that 1791 is the correct focus of historical inquiry. *Id.* at 26. During that period, it explained, the Government "provid[ed] no evidence of a tradition of disarming 18-to-20-year-olds." *Id.* at 23 n.17. And while *Rahimi*

Nwamaka Anowi
January 27, 2025
Page 2 of 2

reaffirmed that historical analysis must look to "the principles underlying the Second Amendment" rather than isolated historical laws, that did not help the Government. *Id.* at 26 (cleaned up). "Founding-era laws reflect the principle that 18-to-20-year-olds are able-bodied men entitled to exercise the right to bear arms," and nothing in the Government's "catalogue of statutes" enacted "at least 50 years after the ratification of the Second Amendment" could overcome that evidence. *Id.* at 27, 28 (cleaned up). Again, the Government's arguments here fail for the same reasons. *See, e.g.*, Gov't Br. at 13–15.

    Sincerely,

    s/David H. Thompson
    David H. Thompson
    COOPER & KIRK, PLLC
    1523 New Hampshire Ave., NW
    Washington, DC 20036
    (202) 220-9600
    dthompson@cooperkirk.com

    *Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF