

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel.: (202) 353-8189

VIA CM/ECF

February 6, 2025

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main St., Ste 501
Richmond, Virginia 23219

    Re:    *Brown v. ATF*, No. 23-2275 (5th Cir.); *McCoy v. ATF*, No. 23-2085 (4th Cir.) (argued January 30, 2025)

Dear Ms. Anowi,

    We write to inform the Court of the Fifth Circuit's recent decision in *Reese v. ATF*, No. 23-30033 (5th Cir.), which held unconstitutional the age-based commercial-sales restriction at issue here. The Fifth Circuit recognized that, at the Founding, under-21-year-olds were understood to be minors and therefore "did not enjoy the full range of civil and political rights." Op. 12 (quotation marks omitted). But the panel found it significant that Founding-era legislatures did not explicitly adopt firearm restrictions directed at minors and that 18-to-20-year-olds served in Founding-era militias. *See* Op. 12, 20, 22. The panel acknowledged that, in the nineteenth century, approximately twenty jurisdictions enacted "relevantly similar" laws to Congress's restriction, but the panel concluded that those laws came "too late in time" to inform the Second Amendment analysis. Op. 26-27, 26 n.17.

    This Court should not follow the Fifth Circuit's reasoning. As the government's brief explains, at the time of the Founding, under-21-year-olds were understood to be "minors" or "infants" that, among other restrictions, generally could not enter into enforceable contracts and were subject to their parents' substantial authority and supervision. *See Brown* Opening Br. 11-13. That Founding-era evidence supports Congress's limited restriction, which does no more than empower parents to determine whether it is appropriate for their children under the age of 21 to commercially purchase a handgun. The Fifth Circuit's substantial reliance on Founding-era militia laws was misplaced for the reasons explained in the government's brief. *See Brown* Opening Br.

17-20. Indeed, to the extent those laws are relevant, they only underscore legislatures' authority to set age qualifications for access to handguns. *See* Op. 22 (recognizing that militia laws required parents to "furnish firearms for their sons' militia service"); *Brown* Reply Br. 8-9. The Fifth Circuit likewise erred in dismissing nineteenth-century evidence, which confirms the Founding-era understanding and overwhelmingly supports Congress's restriction. *See Brown* Reply Br. 11-16. For these reasons, and the reasons explained in the government's briefing, Congress's law "is consistent with the principles that underpin our regulatory tradition." *United States v. Rahimi*, 597 U.S. 680, 692 (2024).

                              Sincerely,

                              Michael S. Raab
                              /s/ *Courtney L. Dixon*
                              Courtney L. Dixon
                              Attorneys, Appellate Staff
                              Civil Division

cc:    all counsel (by CM/ECF)