# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David H. Thompson     1523 New Hampshire Avenue, N.W.     (202) 220-9600
dthompson@cooperkirk.com     Washington, D.C. 20036     Fax (202) 220-9601

February 7, 2025

**VIA CM/ECF**
Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

      RE: *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 23-2275

Dear Ms. Anowi,

     Plaintiffs write in response to the Government's submission of *Reese v. ATF*, No. 23-30033 (5th Cir. Jan. 30, 2025). *Reese* is highly persuasive authority that this Court should follow.

     *First*, *Reese* rejected the argument, also advanced here, that the handgun sales ban is constitutional because it targets commercial sales to 18-to-20-year-olds, rather than targeting the 18-to-20-year-olds directly, as "fundamentally inconsistent with the *Bruen*/*Rahimi* framework," noting that the implication of such an argument is that "other limitations on sales could easily displace the right altogether." Op. 9–10 & n.1; *see also* Pls.' Br. 14.

     *Second*, the Fifth Circuit rejected the argument that 18-to-20-year-olds were not part of "the people" with Second Amendment rights because they did not "enjoy the full range of civil and political rights in the founding-era," given that "firearm restrictions are notably absent from the government's list of founding-era age-limited civil and political rights." Op. 12 (cleaned up); *see also* Pls.' Br. 28. Furthermore, *Reese* also held that any comparison to civic rights—like voting— violates *Heller*'s "unambiguous[]" holding that the Second Amendment protects an *individual* right not subject to the same restrictions (a fact that is obvious given that women, for instance, were not constitutionally entitled to vote until 1920). Op. 13– 14; *see also* Pls.' Br. 31.

Nwamaka Anowi
February 7, 2025
Page 2 of 2

*Third*, moving on to history, *Reese* concluded that the 1792 Militia Act was "clear and germane evidence" that 18-year-olds at the Founding were treated as having full rights regarding firearms, and rejected the government's attempt to "confect[] a longstanding tradition of firearm restrictions imposed on individuals under twenty-one" from this period. Op. 20–21; *see* Pls.' Br. 19. As *Reese* explained, that history showed that those "who were required to enroll in the militia, should be 'permitted and accustomed to bear arms.' " Op. 24 (citation omitted). The Fifth Circuit held that the late-19th century laws on which the Government relies here "were passed too late in time to outweigh the tradition of pervasively acceptable firearm ownership by eighteen-to-twenty-year-olds" at the Founding. Op. 27; *see also* Pls.' Br. 33–34.

        Sincerely,

        s/David H. Thompson
        David H. Thompson
        COOPER & KIRK, PLLC
        1523 New Hampshire Ave., NW
        Washington, DC 20036
        (202) 220-9600
        dthompson@cooperkirk.com

        *Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF