

**U.S. Department of Justice**
Civil Division

VIA CM/ECF

March 24, 2025

Nwamaka Anowi, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

      RE:   *Brown v. ATF,* No. 23-2275 (4th Cir.); *McCoy v. ATF*, No. 23-2085 (4th Cir.) (argued January 30, 2025)

Dear Ms. Anowi:

      We write to inform the Court of the en banc Eleventh Circuit's recent decision in *National Rifle Association v. Commissioner, Florida Department of Law Enforcement*, No. 21-12314, 2025 WL 815734 (Mar. 14, 2025). That case involved a Second Amendment challenge to a state law restricting the sale of firearms to under-21-year-olds. In rejecting that challenge, the Eleventh Circuit held that the state law "is consistent with our historical tradition of firearm regulation." *Id.* at *1. The court explained that "[d]uring the Founding era, minors"—including 18-to-20-year-olds— "generally lacked unrestricted access to firearms." *Id.* at *8. For example, the court observed that minors were viewed as "lack[ing] the judgment and discretion to enter contracts" (including contracts to buy arms) and "were subject to the power of their parents and depended on their parents' consent to exercise rights and deal with others in society." *Id.* at *7. The court similarly emphasized that in the nineteenth century, "20 jurisdictions enacted laws that restricted access to arms for minors." *Id.* Thus, the court recognized that "for much of the first two centuries of our nation, our law limited the rights of individuals under the age of 21, including their purchase of firearms." *Id.* at *10.

      These and other aspects of the en banc Eleventh Circuit's decision support the government's arguments here. Indeed, the federal restrictions at issue in this case restrict only the sale of handguns, not all firearms, and apply only to sales by federal firearms licensees, not all sales, and are thus narrower than the state law the Eleventh

Circuit upheld.  For the reasons given in the Eleventh Circuit's opinion and in the government's prior filings in this Court, the federal restrictions should be sustained.

          Sincerely,

              */s/ Steven H. Hazel*
              Steven H. Hazel
              Attorney

cc: all counsel (via CM/ECF)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                                      /s/ *Steven H. Hazel*
                                                      STEVEN H. HAZEL