# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

David H. Thompson     1523 New Hampshire Avenue, N.W.     (202) 220-9600
dthompson@cooperkirk.com     Washington, D.C. 20036     Fax (202) 220-9601

April 9, 2025

**VIA CM/ECF**

Nwamaka Anowi, Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

       RE: *Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 23-2275

Dear Ms. Anowi,

     Plaintiffs respond to the Government's submission of *National Rifle Association v. Bondi*, 2025 WL 815734 (11th Cir. Mar. 14, 2025) (en banc). In *Bondi*, the Eleventh Circuit upheld a Florida law restricting 18-to-20-year-olds from purchasing firearms. Of note, the Eleventh Circuit correctly concluded that 1791 is the critical year when "[t]he Second Amendment was ratified, and its meaning [was] fixed." *Id.* at *5.

     *Bondi* nevertheless wrongly concluded that modern restrictions on 18-to-20-year-olds could be justified by restrictions on minors' rights to contract at that earlier period. *Id.* at **7–10. In so doing, the majority both got its history wrong in concluding that 18-to-20-year-olds at the Founding could not acquire firearms and refused to accept that 18-to-20-year-olds are adults today, not minors. *Id.* at *12. Applying a restriction on minors *then* to adults *today* is precisely the "law trapped in amber" analysis that the Supreme Court rejected. *See United States v. Rahimi*, 602 U.S. 680, 691 (2024); *see also* Pls.' Br., Doc. 41 at 29 (Feb. 21, 2024). The *principle* the majority in *Bondi* relied on is that, as minors, 18-to-20-year-olds had limited contract rights at the Founding. But that principle does not apply to 18-to-20-year-old adults today, who have full contract rights. The problem with myopically applying historical restrictions to the modern era without regard to changed social circumstances is illustrated by another example the *Bondi* majority did not mention: married women. If 18-to-20-year-olds today can be disarmed because, at the Founding (but not today), contracts with individuals in that age group "except for

Nwamaka Anowi
April 9, 2025
Page 2 of 2

necessaries, [were] either void or voidable," *Bondi,* at *6 (quoting 1 SAMUEL COMYN, A TREATISE OF THE LAW RELATIVE TO CONTRACTS AND AGREEMENTS NOT UNDER SEAL 148 (1809)), then so can married women, COMYN, *supra*, at 172 ("If [a married woman] enters into any contract without [her husband's] assent, it is absolutely void."); *see also, e.g.*, 1 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 442 (1803). If it is irrelevant, as *Bondi* thought, that the legal status of "minor" no longer applies to 18-to-20-year-olds, presumably the status of "feme covert" is no different.

                                      Sincerely,

                                      s/David H. Thompson
                                      David H. Thompson
                                      COOPER & KIRK, PLLC
                                      1523 New Hampshire Ave., NW
                                      Washington, DC 20036
                                      (202) 220-9600
                                      dthompson@cooperkirk.com

                                      *Counsel for Plaintiffs-Appellees*

     cc: All counsel of record via CM/ECF