IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

STEVEN ROBERT BROWN, et al.,

    *Plaintiffs-Appellees*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al.,

    *Defendants-Appellants*.

Case No. 23-2275

**MOTION TO SUPPLEMENT THE RECORD**

Pursuant to Federal Rules of Appellate Procedure 10 and 27, and Fourth Circuit Rule 10(d), Plaintiffs move to supplement the record in the above-captioned matter. In support of this motion, Plaintiffs state:

1. This case involves a challenge to the federal law banning purchase of handguns from federally licensed firearm dealers by 18-to-20-year-old adults. By its nature, the federal law challenged here no longer applies to an individual once he or she turns 21.

2. The Plaintiffs-Appellees in this case are two individuals, Steven Brown and Benjamin Weekley, and the West Virginia Citizens Defense League, Inc., which counts Brown and Weekley among its members.

1

3. Weekley has turned 21 and the challenged restriction no longer applies to him. Brown will turn 21 next month, raising the possible argument that the case will be moot, because the West Virginia Citizens Defense League's standing depends upon at least one of its members having standing. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

4. To avoid any suggestion of mootness in this case, Plaintiffs are submitting along with this motion the declaration of Alec La Neve, a 19-year-old resident of Harrison County, West Virginia, who is a member of the West Virginia Citizens Defense League and who has standing to challenge the law at issue in this case. *See* Decl. of Alec La Neve ¶¶ 1–6 (attached). Because the West Virginia Citizen Defense League continues to have at least one member with standing, it continues to have standing as well and this case will not become moot when Brown turns 21.

5. It is appropriate for this Court to accept the submission of La Neve's declaration in this case. This Court has previously explained that affidavits submitted on appeal "may be considered in ascertaining whether the cases are moot, although they should not be considered in ascertaining the merits. This is so because there was no mootness question before the district court, so we are not reviewing that. Rather, we are deciding whether the cases are now moot." *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1166 (4th Cir. 1977).

6.	Indeed, the ability of an appellate court to "consider any evidence bearing on whether the appeal has become moot" is widely recognized, *see Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016), as is the ability for such a court to "receive facts relevant to that issue," *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992); *see Matter of Manges*, 29 F.3d 1034, 1041 (5th Cir. 1994) ("[T]his court may review evidence as to subsequent events not before the courts below which bears upon the issue of mootness.")

7.	Courts have often considered supplemental evidence on appeal "in settings similar to this one." *Thomas More L. Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011), abrogated on other grounds, *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012); *see also id.* ("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury"); *U.S. Chamber of Com. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering member declarations "[a]long with [a party organization's] briefs" when analyzing the issue of the party's associational standing); *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006) (supplementing record with new declarations that "resolve[d] [a] standing issue and illuminate[d] [a] mootness issue").

8.	This specific issue has arisen in several similar suits seeking to vindicate the rights of 18-to-20-year-olds under the Second Amendment where the litigation lasted longer than any individual plaintiff remained in the window affected

3

by the challenged law, and to the best of Plaintiffs' knowledge, leave has been given to supplement the record with evidence of additional members each time (and twice in one case), including in *Reese v. BATFE*, which involved a challenge to precisely the same restriction at issue here. *See* Order, *Reese v. BATFE*, No. 23-30033, Doc. 92-2 (5th Cir. Jan. 30, 2024); *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 445–46 nn. 28-29 (3d Cir. 2025) (granting, over the state's objection, a second motion to supplement the record with declaration of a new member and confirming organizational plaintiffs retained standing on behalf of that member); *Worth v. Jacobson*, 108 F.4th 677, 686–87 (8th Cir. 2024) (granting, over the state's objection, the motion to supplement the record and holding the organizational plaintiffs "have an unbroken chain of standing through" a member declarant).

9. Similarly, courts including this Court and the Supreme Court, have considered new evidence on appeal to ensure a live case or controversy in challenges to school policies which, like the restrictions at issue in this case, are inherently transitory as students often progress through and graduate from the institutions in question while litigation continues. *See Ala. Legis. Black Caucus v. Alabama,* 575 U.S. 254, 285–86 (2015) (Scalia J., dissenting) (describing supplementation of the record in *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718 (2007)); *Speech First, Inc. v. Sands*, 69 F.4th 184, 190 n.3 (4th Cir. 2023), *vacated as moot on other grounds*, 144 S. Ct. 675 (2024) (Mem.); *Fellowship of*

4

*Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680–81 (9th Cir. 2023).

10. Here, accepting the La Neve Declaration does not alter this case in any way from how it was presented to the district court (or how it was presented to *this* Court in briefing and through oral argument). It merely establishes that there continues to be a live case and controversy between the parties. As in *Speech First*, La Neve "assert[s] identical injuries" to Brown and Weekley, and is currently affected by the ban, so supplementation is appropriate. 69 F.4th at 190 n.3. *See also Worth,* 108 F.4th at 686 (noting that the individual circumstances of the new member declarant were irrelevant given the scope of the legal challenge to Minnesota's age-based restriction).

11. Plaintiffs contacted the Government prior to filing this motion and the Government states that it takes no position on the motion and will determine after it is filed whether it will file a response.

For these reasons, the Court should grant Plaintiffs' motion and supplement the record with the Declaration of Alec La Neve.

Dated: May 21, 2025

Adam J. Kraut
SECOND AMENDMENT FOUNDATION
12500 N.E. 10th Place
Bellevue, WA 98005
(800) 426-4302
akraut@saf.org

Respectfully submitted,

/s/David H. Thompson
David H. Thompson
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave NW
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICIATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify this motion complies with the requirements of Rule 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitation of Rule 27(d)(2)(A) because it contains 1,061 words.

/s/David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system, which will transmit the foregoing document via email to all counsel of record.

Dated: May 21, 2025

/s/David H. Thompson
David H. Thompson

*Counsel for Plaintiffs-Appellees*